**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FULIANG WEN, | No. 15-71414 |
| Petitioner, | Agency No. A201-198-889 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 30, 2021[**]

Before:  GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Fuliang Wen, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Wen's testimony and the testimony of his two witnesses. For example, Wen and Qiu's testimony differed regarding where they first met, and Wen contradicted Zhang regarding the preparation of Zhang's letter. *See id.* at 1044 (adverse credibility finding must be based on the totality of the circumstances). Given their similarities, substantial evidence also supports the agency's analysis of the reliability and authenticity of the four letters submitted by Wen. *See Jiang v. Holder*, 754 F.3d 733, 738-40 (9th Cir. 2014) (substantial evidence review is a highly deferential standard). Further, Wen failed to produce reliable corroborating evidence of his church attendance in Fremont, California. *See Shrestha*, 590 F.3d at 1047-48 (a reasonable trier of fact would not be compelled to conclude that corroborating evidence was unavailable). Wen's explanations do not compel a contrary conclusion. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (agency not required to accept explanations for inconsistencies). In the absence of credible testimony, Wen's asylum and

15-71414

withholding of removal claims fail. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Wen's CAT claim because it was based on the same evidence found not credible, and Wen does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China. *Shrestha*, 590 F.3d at 1048-49.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**